UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALAN CAMPBELL, derivatively on behalf of RYDER SYSTEM, INC.

    *Plaintiff*,

v.

ROBERT E. SANCHEZ, ART A. GARCIA, DENNIS C. COOKE, JOHN M. BERRA, ROBERT J. ECK, ROBERT A. HAGEMANN, L. PATRICK HASSEY, MICHAEL F. HILTON, TAMARA L. LUNDGREN, LUIS P. NIETO, JR., DAVID G. NORD, ABBIE J. SMITH, E. FOLLIN SMITH, DMITRI L. STOCKTON, and HANSEL E. TOOKES, II,

    *Defendants*,

    and

RYDER SYSTEM, INC.

    *Nominal Defendant*.

Civil Action No. 1:21-cv-20203-BB

**JOINT MOTION AND STIPULATION FOR ENTRY OF [PROPOSED] ORDER
HOLDING SHAREHOLDER DERIVATIVE ACTION IN ABEYANCE**

The parties jointly move this Court for the entry of an order holding this shareholder derivative action in abeyance pending the final resolution of the related consolidated derivative action, *In re Ryder System, Inc. Stockholder Derivative Litigation*, No. 2020-013618-CA-01, pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("Consolidated State Derivative Action"). The parties respectfully state the following in support of this motion:

    a.    A class action alleging violations of the federal securities laws was filed on May 20, 2020 against Ryder System, Inc. ("Ryder" or the "Company") and certain individual defendants in the United States District Court for the Southern District of Florida. *See State of*

1

*Alaska, Permanent Fund, et al.* v. *Ryder System, Inc., et al.*, No. 1:20-cv-22109-AMC ("Federal Securities Class Action").

  b. After the Federal Securities Class Action was filed, three proposed stockholder derivative actions were filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on behalf of nominal defendant Ryder against certain current and former directors and officers of Ryder (*see Franchi* v. *Sanchez*, *et al.*, Case No. 2020-013618-CA-01 (June 26, 2020), *Davidson* v. *Sanchez, et al.*, Case No. 2020-016816-CA-01 (Aug. 6, 2020), and *Youell* v. *Eck, et al.*, Case No. 2021-002852-CA-01 (Feb. 2, 2021)).  On October 4, 2020, Judge Michael A. Hanzman ("Judge Hanzman") granted the parties' motion to consolidate these cases into the Consolidated State Derivative Action.

  c. In light of the factual relationship between the Consolidated State Derivative Action and the Federal Securities Class Action, and following the parties' joint request, Judge Hanzman ordered that the Consolidated State Derivative Action be stayed pending resolution of the defendants' motion to dismiss in the Federal Securities Class Action.  *See* Dkt. No. 45, *In re Ryder System, Inc. Stockholder Derivative Litigation*, No. 2020-013618-CA-01 (Nov. 2, 2020).

  d. Two additional proposed stockholder derivative actions were filed in this Court on behalf of nominal Ryder against certain current and former directors and officers of Ryder: *Campbell* v. *Sanchez, et al.*, No. 1:21-cv-20203-BB (S.D. Fla.) (Jan. 1, 2021), and *Aleman* v. *Sanchez, et al.*, No. 1:21-cv-20539-BB (S.D. Fla.) (Feb. 8, 2021) (together, the "Federal Derivative Actions").  The Federal Derivative Actions and the Consolidated State Derivative Action are collectively referred to as the "Derivative Proceedings."

  e. Because the Federal Derivative Actions are also factually related to the Federal Securities Class Action, and following the parties' joint request, this Court ordered that the Federal

Derivative Actions also be stayed pending resolution of the defendants' motion to dismiss in the Federal Securities Class Action, consistent with Judge Hanzman's order in the Consolidated State Derivative Action.

   f.  On May 23, 2022, the United States District Court for the Southern District of Florida entered an order denying the defendants' motion to dismiss in the Federal Securities Class Action. Following that decision, this Court lifted the stay in the above-captioned derivative action, and directed the parties to meet and confer and submit a joint schedule no later than June 2, 2022.

   g.  In filings on June 1, 2022 and June 24, 2022, the parties informed the Court that they were engaged in discussions to develop a coordinated and efficient plan for the Derivative Proceedings, and requested additional time to complete those discussions. The parties have since completed those discussions and have filed a stipulation for coordinated discovery in the Consolidated State Derivative Action, which is attached as Exhibit A ("Stipulation for Coordinated Discovery"). The Stipulation for Coordinated Discovery provides, among other things, that the Derivative Proceedings will be held in abeyance and not advance until 60 days after the resolution of all motions for summary judgment in the Federal Securities Class Action or the deadline for filing such motions expires. During this period, the plaintiffs in the Derivative Proceedings are allowed to conduct certain specified discovery as set forth in ¶¶ 10, 14, and 15 of Exhibit A, all of which will occur in the Consolidated State Derivative Action. The Stipulation for Coordinated Discovery further contemplates that proceedings in the Federal Derivative Actions will remain in abeyance pending entry of final judgment in the Consolidated State Derivative Action, in light of

the parties' agreement that the outcome in the Consolidated State Derivative Action will be binding in the Federal Derivative Actions.[1]

      h.      In the interests of judicial economy and efficiency, the parties respectfully and jointly request that this Court hold the above-captioned derivative action in abeyance pending the final resolution of the Consolidated State Derivative Action and enter an order as follows:

      1.      This action, including any obligation to respond to the complaint or any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are held in abeyance pending a final judgment in the Consolidated State Derivative Action.

      2.      Any final judgment or dismissal entered in the Consolidated State Derivative Action shall govern the outcomes in the Federal Derivative Actions, including the above-captioned action, and the prevailing party or parties in the Consolidated State Derivative Action will be the prevailing party or parties in the Federal Derivative Actions, including the above-captioned action, as well.

---

[1] As reflected in the Stipulation for Coordinated Discovery, the parties have informed Judge Hanzman that they intend to file this joint motion requesting that the Court hold the Federal Derivative Actions in abeyance pending final resolution of the Consolidated State Court Derivative Action. *See* Ex. A, ¶ 4 n.1.

Dated: July 15, 2022

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen (Fla. Bar No.: 0182877)
275 Madison Avenue
40th Floor
New York, NY 10016
212-686-1060
Fax: 202-3827
Email: lrosen@rosenlegal.com

Timothy W. Brown
**THE BROWN LAW FIRM, P.C.**
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff*

Respectfully submitted,

**GUNSTER, YOAKLEY & STEWART, P.A.**

*/s/ Jonathan K. Osborne*
Jonathan K. Osborne (Fla. Bar No. 95693)
David M. Wells (Fla. Bar No. 309291)
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722
Email: josborne@gunster.com
Email: dwells@gunster.com

Michael B. Green (Fla. Bar No. 87571)
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010
E-mail: mgreen@gunster.com

**WACHTELL, LIPTON, ROSEN & KATZ**
Steven P. Winter
William D. Savitt
Wilfred T. Beaye, Jr.
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1116
Facsimile: (212) 403-2116
E-mail: SWinter@wlrk.com

*Attorneys for Defendants Robert E. Sanchez, Robert J. Eck, Robert A. Hagemann, Michael F. Hilton, Tamara L. Lundgren, Luis P. Nieto, Jr., David G. Nord, Abbie J. Smith, E. Follin Smith, Dmitri L. Stockton, Hansel E. Tookes, II, and Art A. Garcia, and Nominal Defendant Ryder System, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of July, 2022, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

By: */s/ Jonathan K. Osborne*
Jonathan K. Osborne